11-1300-ag
Dong v. Holder

BIA
Abrams, IJ
A088 779 633

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of December, two thousand nine.

PRESENT:
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*
_____

AIDONG DONG,
        *Petitioner,*

        v.                                        11-1300-ag
                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; John S.
                       Hogan, Senior Litigation Counsel,
                       Office of Immigration Litigation;

**David H. Westmore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Aidong Dong, a native and citizen of the People's Republic of China, seeks review of a March 11, 2011 order of the BIA, affirming the July 15, 2009 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Dong's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aidong Dong*, No. A088 779 633 (B.I.A. Mar. 11, 2011), *aff'g* No. A088 779 633 (Immig. Ct. N.Y. City July 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, such as this one, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Analyzed under the REAL ID Act, substantial evidence supports the agency's adverse credibility determination.

In finding Dong not credible, the agency reasonably relied in part on her demeanor, finding that Dong provided varied explanations as to why she went into hiding three months after realizing that she was pregnant, and that this portion of her testimony seemed to develop as she testified. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ's finding with regard to Dong's demeanor was further supported by a specific example of an inconsistency between her testimony and asylum application as to the reason she refused to pay the entire amount of a fine assessed by family planning officials due to her alleged violation of China's family planning policy. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). A

3

reasonable fact-finder would not be compelled to credit Dong's explanations for this inconsistency.  *Majidi*, 430 F.3d at 80-81.  Furthermore, the IJ reasonably found implausible that, between the time Dong returned from South Africa in July 2005 and went into hiding in April 2006, family planning officials did not inquire as to why she failed to attend her regularly-scheduled gynecological examinations, and that despite learning that she was pregnant in January 2006, Dong chose not to hide from family planning officials until April 2006.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).  Although the IJ's decision is not without flaw, remand would be futile because we have little doubt that the agency would find Dong not credible absent any errors.  *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence.  *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166.  The agency's denial of Dong's application for asylum, withholding of removal, and CAT relief was not in error as

4

all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5